CENTRE COUNTY.

JANUARY TERM, 1882, No. 181.        FEBRUARY 13TH, 1882.

## Kunes *versus* Spangler.

1. An assignment of error, in violation of the rule of Court, which provides that, "when the error assigned is to the charge of the Court, the part of the charge referred to must be quoted *totidem verbis* in the specification," will be disregarded, and held the same as none.
2. *Semble,* that instructions as to the measure of damage, which were not followed by the jury, and which consequently did no harm to the plaintiff in error, are not sufficient grounds upon which to reverse a judgment.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Centre County.*

Case by Lucinda Spangler against Samuel H. Kunes, to recover damages for an alleged nuisance.

On the trial in the Court below, before MAYER, P. J., the plaintiff gave evidence as follows:

The plaintiff was the owner of a house and lot in Eagleville, Centre County, Pa. On this property was a well of water fifty-five feet deep. The water was of good quality, and large in quantity, and was used for family purposes. It had been in use for at least twenty-nine years, and there was no other well on the premises. Between the plaintiff's and defendant's properties was a road twenty-five and a half feet wide. The defendant kept a couple of horses and four or five cows, and he piled his manure on the other side of the road, right opposite to the well. The manure pile was on higher ground than the well, and the water from it naturally drained to the well. It was very offensive. For the last six or seven years the water of the well had been spoiled with manure-water. After defendant put his manure-yard there plaintiff could not use the water of the well. She had to carry water from her neighbors. The water of the well smelled of manure. There was no other water that could flow into the well that might affect it in a similar way. A witness had seen manure-wash run very close to the well from defendant's stable. To dig a well sixty feet deep would cost sixty dollars.

There was much testimony for the plaintiff, but the above covers the material portions, and there was a great deal of testimony on the part of the defendant offered to show that it was impossible for plaintiff's well to be affected by the defendant's manure pile.

The Court charged the jury, *inter alia:*

" The first question, then, gentlemen of the jury, for you

[Kunes *v.* Spangler ]

to determine under all of the evidence is, whether this water was really corrupted ; if not, then you can stop there and render a verdict for the defendant ; but if you determine it affirmatively, then you must determine under all of the evidence in the case whether it was caused by the manure water from the barnyard of the defendant, or by some other act of the defendant, either done by himself or authorized and directed to be done by him. If you find from the evidence that the water of this well is in an impure condition and unfit for use, but it was not caused by any act of this defendant, then your verdict should be for the defendant, because there would be no damages for which he could be held responsible. But if you determine that the water in this well was polluted, and it was made so by something done by this defendant, then you must ascertain what amount of damages the plaintiff has sustained by reason of this injury. You must take into consideration all the evidence bearing upon this question ; what inconvenience has she been put to by being deprived of the use of the water from this well. You have heard the testimony of the witnesses bearing on the question of damages. And we say to you that, in our opinion, some of the witnesses have placed the damages at rather an exorbitant figure. We think the proper measure of damages is, what would it cost to put another well like this one upon her premises ? We think that would be a proper and fair rule to go by in arriving at the amount of damages in this case."

December 9th, 1881. Verdict for the plaintiff for $92.08, upon which judgment was subsequently entered.

The defendant then took out a writ of error, assigning errors as follows :

" First. The Court erred in refusing to instruct the jury at the close of the plaintiff's testimony, as requested by defendant, that the plaintiff had shown nothing to which the defendant was bound to respond.

" Second. The Court erred in submitting to the jury for their finding a question concerning which there was no evidence anywhere in the cause.

" Third. The Court erred in their instructions to the jury as to the measure of damages under the facts in this case."

*James A. Beaver* and *D. H. Hastings,* for plaintiff in error.

*A. O. Furst* for defendant in error.

FEBRUARY 27TH, 1882.—PER CURIAM :–The assignments of error are not in conformity to our rules. We think, however, the evidence was ample to justify the Court in submit-

[Appeal of Lavina R. Hannum.]

ting the case to the jury. Without considering the instructions as to the measure of damages, it is plain that the jury did not follow it, and there was no harm done to the plaintiff in error. The assignment of error to that part of the charge is in direct violation of the rule of Court that, "when the error assigned is to the charge of the Court, the part of the charge referred to must be quoted *totidem verbis* in the specification." "Any assignment of error not according to this will be held the same as none:" Criswell *v.* Altemus, 8 Harris, 124.

Judgment affirmed.